IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DSL CORPORATION | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 19 – 94 |
| | § | ADMIRALTY |
| GRIEG SHIPPING II AS | § | |

## *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DSL Corporation files this Original Complaint against Defendant Grieg Shipping II AS, *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.      This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.      Plaintiff is a Texas corporation with its principal place of business in Houston, Texas.

3.      On information and belief and at all times material, Defendant owned, chartered, managed and/or operated the M/V STAR KVARVEN as a common carrier of goods by water for hire between various ports, including the Ports of Tianjin, People's Republic of China, and Houston.

4.      On information and belief, Defendant is a foreign entity not authorized to

do business in Texas but, at all times material, did business in Texas by: (a) carrying cargo aboard vessels to and from Texas, (b) owning, operating and/or managing vessels in Texas navigational waters, (c) entering into charter parties, bills of lading and/or other contracts of carriage in Texas, (d) entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by (e) committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

5.      On information and belief, Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code, but has not designated or maintained a resident agent in Texas.

6.      Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Defendant has sufficient national minimum contacts with the United States as a whole.

7.      The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.

8.      Serving Defendant with a summons is effective to establish personal jurisdiction over it.

9.      Defendant can be served by serving the Texas Secretary of State, and process or notice can be sent to Defendant in care of G2 Ocean AS, Grieg–Gaarden, C.

Sundtsgate 17/19, 5004 Bergen, Norway.

10.    On or about March 11–12, 2018, Plaintiff's shipper tendered in good order and condition to Defendant at Tianjin cargos of ERW New Steel Pipe.  Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Defendant acknowledged receipt of the cargos in good order and condition, and accordingly therewith, issued at Tianjin various bills of lading, including Bills of Lading Nos. GSSW18SHA2352B through F, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V STAR KVARVEN.

11.    Thereafter, on or about April 27, 2018, the M/V STAR KVARVEN arrived at Houston where Defendant later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, contaminated, scratched and/or otherwise physically damaged.  The losses and Plaintiff's resulting damages proximately resulted from Defendant's acts and/or omissions constituting negligence, breach of contract, breach of bailment, violation(s) of the duties of a common carrier of goods by water for hire, and/or failure to perform services in a workmanlike manner.

12.    Plaintiff proximately has sustained damages exceeding $12,795.26 plus interest dating from the dates of shipment, demand for which has been made upon

Defendant, but which it refuses to pay.

13.     At all times material, Plaintiff owned the cargos, and brings this action for itself and/or as agent, trustee and/or representative for each subrogated insurer that is or becomes interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DSL Corporation prays that this Honorable Court adjudge that Defendant Grieg Shipping II AS is liable to Plaintiff for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
5535 Memorial Drive, No. F570
Houston, Texas 77007
Telephone:      (713) 864–2221
Facsimile:      (713) 864–2228
Email:    macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFF

4